IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| PAMELA BRADLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 5:13-cv-521-TLW |
| | ) |
| CITY OF ORANGEBURG, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Pamela Bradley filed this action against Defendant City of Orangeburg, alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Doc. #1). Plaintiff filed a motion for summary judgment on October 14, 2014, and an amended motion for summary judgment on November 5, 2014.[1] (Doc. #60, 62). Defendant filed responses in opposition on October 31 and December 12, 2014 (Doc. #61, 76), and Plaintiff replied on

---

[1] In her motions for summary judgment, Plaintiff asks the Court to find Defendant liable under numerous statutes besides Title VII, and she asks the Court to find individuals who are not named as defendants in the Complaint, including Wendell Davis and Thad Turner, liable for violations of federal law. However, it is well-settled law in the Fourth Circuit that after discovery has begun, plaintiffs may not raise new claims without amending their complaints. See Barclay White Skanska, Inc. v. Battelle Mem'l Inst., 262 Fed. App'x 556, 563 (4th Cir. 2008) ("[P]laintiffs may not raise new claims without amending their complaints after discovery has begun. . . . At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)."); Dorsey v. Aetna Life Ins. Co., No. 2:12cv90, 2013 WL 1288165, at *23 (E.D. Va. Mar. 26, 2013) ("To allow the plaintiff to effect a constructive amendment of the complaint on summary judgment, well after the close of discovery, would seriously undermine the fairness of the litigation and unfairly prejudice [the defendant]." (internal quotation marks omitted)). The Complaint names only the City of Orangeburg as a defendant, and the only cause of action it asserts is retaliation in violation of Title VII. At this stage of the litigation, over nine months after the close of discovery, Plaintiff cannot assert additional claims absent an amendment to her Complaint. Accordingly, the Court has considered only Plaintiff's Title VII claim against the City of Orangeburg.

January 12, 2015 (Doc. #80). Defendant filed its own motion for summary judgment on November 6, 2014. (Doc. #65). Plaintiff filed a response in opposition the same day (Doc. #67), and Defendant replied on December 12, 2014 (Doc. #75).

This matter is now before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Paige J. Gossett, to whom this case was assigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court grant Defendant's motion for summary judgment and deny Plaintiff's motions for summary judgment. (Doc. #82). Plaintiff filed timely objections to the Report on May 18, 2015 (Doc. #87), and the motions are now ripe for disposition.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report and Plaintiff's objections thereto in accordance with this standard, and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law. Accordingly, it is hereby **ORDERED** that the Report and Recommendation is **ACCEPTED** (Doc. #85), and Plaintiff's objections thereto are

**OVERRULED** (Doc. #87).  For the reasons articulated by the Magistrate Judge, Defendant's motion for summary judgment is **GRANTED** (Doc. #65), and Plaintiff's motions for summary judgment are **DENIED** (Doc. #60, 62).[2]

**IT IS SO ORDERED.**

<u>s/ Terry L. Wooten</u><br>
Terry L. Wooten<br>
Chief United States District Judge

June 4, 2015
Columbia, South Carolina

---

[2] In her response in opposition to Defendant's summary judgment motion, Plaintiff states that she would "like to request an Oral Argument or Hearing, on [her] Motion for Summary Judgment . . . ." (Doc. #67 at 1).  Because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process, the Court dispenses with oral argument.  To the extent Plaintiff's request can be construed as a motion for a hearing, that motion is **DENIED**.